UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC WILLIAMS,

       Plaintiff,                     Case No. 13-cv-12657
                                            Hon. Mark A. Goldsmith

v.

                                            Magistrate Judge Hon. Mark A. Randon

VHS OF MICHIGAN, INC.
AND VHS SINAI-GRACE
HOSPITAL, INC.

       Defendants.

_____/

**STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL DOCUMENTS
PRODUCED OR PROVIDED BY THE PARTIES**

       IT IS STIPULATED AND AGREED, by the parties, through their counsel, that this Order shall govern the handling of any confidential documents produced or provided in the above-styled case ("the Action") as follows:

       1.    This Order shall govern any documents produced or provided during the course of this Action which are marked as "Confidential." For purposes of this Order, the term "document" shall have the meaning as defined in Federal Rule of Civil Procedure 34(a)(1)(A).

       2.    The designation of any document as "confidential" shall mean that it shall be used only for preparation for trial, trial, appeal and/or settlement of this Action, and shall not be disclosed or transmitted, verbatim or in substance, to anyone except (i) the attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action to the extent reasonably necessary to render professional

services in the action; (ii) the named parties to this litigation; (iii) experts retained by the parties; (iv) persons deposed in this Action, provided, however, that before any document designated as confidential is shown to a witness, s/he must read a copy of this Order and agree in writing, or under oath, to abide by it unless otherwise authorized to review it; (v) stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the Action; (vi) this Court and its personnel; and (vii) the jury.

3.     The parties, their counsel, and others permitted to receive confidential documents as identified above, shall not discuss or disclose the contents of any confidential document with any other person, except as permitted in this Order.  This Order has no effect upon, and shall not apply to the use by the designating party of its own confidential documents for any purpose.

4.     Subject to the Federal Rules of Evidence, confidential documents may be offered in evidence at trial, provided that the proponent of the evidence gives sufficient advance notice to the designating party of the intention to offer the evidence before it is offered.  As a result of such notice, the attorney for the designating party may move this Court for an order that the documents be examined only in camera or under other conditions that prevent disclosure.

5.     This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or Order of this Court.  A party seeking to file under seal any paper or other matter in this case shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are not available or unsatisfactory to preserve the

interest advanced by the movant in support of sealing; and (v) a memorandum of legal authority supporting sealing. *See* Local Rule 5.3. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless this Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted to the undersigned District Judge or to the Magistrate Judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant with an appropriate designation that the documents are to be held under seal.

6. The inadvertent or unintentional disclosure of any confidential document shall not be construed as a waiver, in whole or in part, of the designating party's claim of confidentiality either as to the specific document disclosed or as to any other related information. Moreover, failure by the designating party to enforce any of the remedies provided to it in this Stipulated Protective Order shall not be deemed a waiver of those rights.

7. If a party believes that a document which the designating party has marked as confidential is not entitled to be treated as confidential, the party's counsel shall notify the designating party's counsel in writing of the disagreement, identifying the document(s) with precision and specificity, and the reason for the disagreement. If the matter is not resolved by the parties within thirty (30) days of this written notice, the party claiming confidentiality shall file a motion for protective order with this Court. The

document in controversy shall be treated as confidential from the date of designation until adjudication by this Court.

8. This Stipulated Protective Order embodies the entire understanding of the parties and all of the terms and conditions with respect to the matters discussed in this Order; it supersedes and annuls any and all other or former agreements, contracts, promises, or representations, whether written or oral, expressed or implied, made by, for, or on behalf of the Defendants; and it may not be altered, superseded, or otherwise modified except in writing signed by the party to be charged. All executed copies of this Stipulated Protective Order are duplicate originals, equally admissible as evidence.

9. Within thirty (30) business days after the conclusion of this Action, by settlement or adjudication, including any appellate proceedings, the confidential documents produced or provided by a party and any copies thereof shall be returned to its counsel, or written notification shall be provided to the party's counsel which confirms that these documents have been destroyed.

10. This Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings in this case, whether by settlement or adjudication. This Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

SO ORDERED.

Dated: October 1, 2013　　　　　　　　　s/Mark A. Goldsmith
　　　　Flint, Michigan　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 1, 2013.

                                            s/Deborah J. Goltz
                                            DEBORAH J. GOLTZ
                                            Case Manager

Approved as to Form and Content and for Entry:


/s/  Caitlin E. Sherman (w/ consent)
Caitlin E. Sherman (P76606)
Gold Star Law, P.C.
2701 Troy Center Drive, Ste. 400
Troy, Michigan 48084
(248) 275-5200
*Counsel for Plaintiff*


 /s/  Kevin J. Campbell
Kevin J. Campbell (P66367)
The Allen Law Group, P.C.
3011 W. Grand Boulevard, Ste. 2500
Detroit, Michigan 48202
(313) 871-5500
*Counsel for Defendants*